## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

RICHARD L. CARPENTER,        )
                               )
                 **Plaintiff,**     )
                               )
vs.                              )
                               )     **Case No.**      **CIV-06-631-T**
MICHAEL J. ASTRUE,         )
**Commissioner of the Social**    )
**Security Administration,**      )
                               )
            **Defendant.**    )

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **AFFIRMED**.

### PROCEDURAL HISTORY

Plaintiff protectively filed his application for DIB on June 11, 1999 alleging a disability since June 3, 1997 (TR. 42-45). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 22, 23). Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on March 8, 2001 (TR. 247-292). The ALJ issued his decision on July 23, 2001 finding that Plaintiff was not entitled to SSI (TR. 12-16). The Appeals Council denied the Plaintiff's request for review on July 9, 2002, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 5-6). Plaintiff filed a civil action in which the district court remanded the case back to the Commissioner for further administrative proceedings consistent with the district court's order (TR. 341, 331-340). Thus, on February 12, 2005, the Appeals Council

vacated the final decision of the Commissioner and remanded the case back to the ALJ for further proceedings consistent with the order of the district court (TR. 325).

Accordingly, a second hearing was held before the ALJ on May 26, 2005 (TR. 372-397). The Plaintiff appeared in person and with his attorney and offered his testimony in support of the application (TR. 377-392). A vocational expert (VE) testified at the request of the ALJ (TR. 341-347, 393-396). The ALJ issued his decision on July 14, 2005 finding that Plaintiff was not entitled to DIB (TR. 310-320). The Appeals Council denied the Plaintiff's request for review on May 8, 2006, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 293-295).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520.  At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 319). At step two, the ALJ concluded that Plaintiff's status post anterior cervical

disketctomy and fusion with bone graft were severe impairments (TR. 319).  At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 319). At step four, the ALJ found that Plaintiff was unable to perform any of his past relevant work (PRW) (TR. 319).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ found that Plaintiff retained the RFC to perform a significant range of light work (TR. 319).  The ALJ used Medical Vocational Rule 202.10 as a framework for decision making and considered the testimony of the VE in determining there were jobs existing in significant numbers in the national economy which Plaintiff could perform (TR. 319). Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 320).

On appeal to this Court, Plaintiff alleges that (I) the ALJ failed to evaluate the medical evidence properly; that (II) the ALJ erred in formulating his RFC; and that (III) the ALJ erred in his assessment of Plaintiff's credibility.

# I.

As to the medical evidence, the undersigned adopts the analysis from the April 30, 2004 Report and Recommendation of Magistrate Judge Roberts (TR. 336-339).  Judge Roberts found that the ALJ's analysis of the opinions of Dr. Reynolds, Plaintiff's treating physician, was flawed. She found that the ALJ failed to mention Dr. Reynolds' findings that Plaintiff had difficulty with coordination; that Dr. Reynolds had found Plaintiff had a relatively fixed neurological deficit which would continue to be a problem to him in the future; that Dr. Reynolds had stated Plaintiff would have some permanent long-term myelopathic changes; and that Dr. Reynolds had given Plaintiff a fifty-three percent permanent partial impairment rating (TR. 178, 176, 175).

Judge Roberts further found that in addition to failing to properly assess the opinion of Plaintiff's treating physician, Dr. Reynolds, that the ALJ "selectively ignored Dr. Landstrom's opinion that Plaintiff suffered from mild gait impairment which could limit his ability to be on his feet for long periods of time." (TR. 38).

Plaintiff urges on appeal that the ALJ again failed to properly evaluate the opinions of his treating physician, Dr. Reynolds (See Plaintiff's Brief at Pages 7-10).  In *Goatcher v. United States Dep't of Health & Human Services*, 52 F.3d 288 (10th Cir. 1995), the Tenth Circuit outlined factors which the ALJ must consider in determining the appropriate weight to give a medical opinion.

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 290; 20 C.F.R. § 404.1527(d)(2)-(6). If an ALJ disregards a treating physician's opinion, he must set forth "specific, legitimate reasons" for doing so.  *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).

In his decision the ALJ provided a detailed and thorough review of the medical evidence (TR. 312-317).  As to Dr. Reynolds, the ALJ appears to have considered the entirety of the medical evidence and found

> Dr. Reynolds released the claimant to work with the recommendation that he not return to his previous job. (Exhibit 4F/9). Dr. Reynolds indicated the claimant would have some permanent, long-term myelopathic changes that would interfere with returning to his previous line of work. He reported the claimant had some evidence of spastic quadriparesis although it did appear to be stable (Exhibit 5F/2). Subsequent examinations by two neurologists noted no neurological findings except for mild gait impairment. Dr. Lawton could find no evidence of spasticity or any other residual of the claimant's spinal surgery. (Exhibit 10F/2). Because the opinion of Dr. Reynolds is supported by clinical findings and is not inconsistent with the opinions of two other neurologists, it is given controlling weight. The undersigned concurs

> with the opinion of the claimant's treating physician that he cannot return to
> his past work

(TR. 317).  Plaintiff argues that the ALJ failed to consider Dr. Reynolds' opinion and include within Plaintiff's RFC that he had difficulty walking and that he experienced difficulty with coordination (See Plaintiff's Brief at pages 9-10).  On the contrary, it appears that the ALJ adopted Dr. Reynolds' opinion by including in Plaintiff's RFC a limitation that Plaintiff could only "occasionally climb, balance, stoop, kneel, crouch and crawl" (TR. 317).

Thus, for the reasons discussed above, it appears that the ALJ cured much of the flawed analysis from his earlier decision and properly considered the opinions of Plaintiff's treating physician, Dr. Reynolds; and that the ALJ properly evaluated the medical evidence.

## II.

Plaintiff urges on appeal that the ALJ erred in finding that Plaintiff had the RFC to perform substantial gainful activity (See Plaintiff's Brief at Pages 10-11). Plaintiff states the "undisputed and overwhelming medical evidence indicates that Carpenter has not retained the RFC to engage in SGA", however, Plaintiff fails to identify any such evidence.

Thus, for the reasons discussed above, it appears that the ALJ properly formulated Plaintiff's RFC.

## III.

Plaintiff argues on appeal that the ALJ erred in his assessment of Plaintiff's credibility (See Plaintiff's Brief at pages 12-13). The legal standards for evaluating pain and credibility are outlined in 20 C.F.R. §§ 404.1529(c), 416.929 and SSR 96-7p, and were addressed by the Tenth Circuit Court of Appeals in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-producing impairment must be supported by objective medical evidence. *Id.* At 163. Second, assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain.  "The impairment or abnormality must be one which `could reasonably be expected to

produce' the alleged pain." *Id.* Third, the decision maker, considering all of the medical data presented and any objective or subjective indications of the pain, must assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

*Id.* at 164. In assessing the credibility of a claimant's complaints of pain, the following factors may be considered.

> [T]he levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991). *See also Luna*, 834 F.2d at 165 ("The Secretary has also noted several factors for consideration including the claimant's daily activities, and the dosage, effectiveness, and side effects of medication.").

In *Kepler v. Chater*, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an ALJ must discuss a Plaintiff's complaints of pain, in accordance with *Luna*, and provide the reasoning which supports the decision as opposed to mere conclusions. *Id.* at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.

*Id.* at 391. *Kepler* does not require a formalistic factor-by-factor recitation of the evidence. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied. *Id* at 1372.

In the present case the ALJ reached step three of the *Luna* analysis and in assessing the credibility of the Plaintiff followed the dictates of *Kepler* by providing a thorough and meaningful discussion of the evidence which linked specific evidence to his findings (TR. 314-315).

In accordance with *Luna* and *Kepler,* the ALJ determined that the medical evidence did not support the degree of limitation claimed by Plaintiff.  The absence of an objective medical basis for the degree of severity of pain may affect the weight given to subjective allegations of pain. *Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993); *See Luna*, at 165 (10th Cir. 1987). Further, Although Plaintiff complained of pain, none of Plaintiff's doctors provided explicit confirmation of the existence of disabling pain and this absence of confirmation detracted from Plaintiff's credibility.  *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990); *Huston v. Bowen*, 838 F.2d 1131, 1129 (10th Cir. 1988).

An ALJ's determination of credibility is given great deference by the reviewing court.  *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992).  On appeal, the court's role is to verify whether substantial evidence in the record supports the ALJ's decision, and not to substitute the court's judgment for that of the ALJ. *Kepler* at 391; (Credibility determinations are peculiarly within the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence); *Musgrave*, 966 F.2d 1371, 1374.

Thus, it appears from the record that the ALJ's credibility determination was supported by substantial evidence and should not be disturbed on appeal.

### RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and should be **AFFIRMED**.  The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a

7

judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 8th day of May, 2007.


SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE